**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Fawaz Khouri, | Case No. 2:21-cv-02162-CDS-NJK |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| Equifax Information Services, LLC; Experian Information Solutions, Inc.; CKS Prime Investments, LLC a/k/a CKS Prime Investment; Velocity Portfolio Group, Inc.; and CKS Financial, LLC a/k/a CKS Financial; | Complaint filed: December 8, 2021 |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Plaintiff Fawaz Khouri ("Plaintiff") and Defendants Experian Information Solutions, Inc. ("Experian"), CKS Prime Investments, LLC a/k/a CKS Prime Investment; Velocity Portfolio Group, Inc.; and CKS Financial, LLC a/k/a CKS Financial; through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.  This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.  Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

**See order issued concurrently herewith.**

4.  All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person , including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

5.  Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and

employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

7. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

9. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in

the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

11. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

Fawaz Khouri v. Equifax et al
2:21-cv-02162-CDS-NJK
STIPULATED PROTECTIVE ORDER

13. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated this 12th day of July 2022.    Respectfully submitted,

STEIN SAKS, PLLC                      NAYLOR & BRASTER

By: /s/ Eliyahu Babad                 By: /s/ Benjamin Gordon
    Eliyahu Babad                         Jennifer L. Braster
    Admitted Pro Hac Vice                 Nevada Bar No. 9982
    One University Plaza, Suite 620       Benjamin B. Gordon
    Hackensack, NJ 07601                  Nevada Bar No. 15552
                                          1050 Indigo Drive, Suite 200
    Robert M Tzall                        Las Vegas, NV 89145
    Nevada Bar No.
    Contemporary Legal Solutions PLLC
    2551 N Green Valley Pkwy Building C
    Suite 303
    Henderson, NV 89014

*Attorneys for Plaintiff Fawaz Khouri*      *Attorneys for Defendant*
                                            *Experian Information Solutions, Inc.*

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

By: /s/ Michael R. Ayers
    Clark V Vellis
    Nevada Bar No.
    Michael R. Ayers
    Nevada Bar No.
    200 South Virginia Street
    8th Floor
    Reno, NV 89501

*Attorneys for Defendant*
*CKS Prime Investments, LLC and Velocity Portfolio Group, Inc.*

Fawaz Khouri v. Equifax et al
2:21-cv-02162-CDS-NJK
STIPULATED PROTECTIVE ORDER

GORDON REES SCULLY MANSUKHANI LLP.

By: */s/ Sean Flynn*
   Joshua Y. Ang
   Sean Flynn
   300 South Fourth Street, Suite 1550
   Las Vegas, NV 89101
   702-577-9330

*Attorneys for Defendant
CKS Financial, LLC*

 IT IS SO ORDERED.

Dated:  July 13, 2022

_____
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

///

///

///

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ____ day of _____, 20__, at _____.

[QUALIFIED PERSON]